Ernest NEWBY, Plaintiff,

v.

TOWN OF CROMWELL, Anthony Salvatore, Francesco DiMaio and Jane Doe, Defendants.

No. 3;96CV1077(WWE).

United States District Court,
D. Connecticut.

Oct. 19, 1998.

Christopher P. DeMarco, Farver & De-Marco, Hamden, CT, for Plaintiff.

Stephen P. Fogerty, Thomas P. O'Dea, Jr., Halloran & Sage, Westport, CT, for Defendants.

## RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

EGINTON, Senior District Judge.

Plaintiff, Ernest Newby, brings this civil rights action pursuant to 42 U.S.C. § 1983 alleging that Town of Cromwell police officers, Francesco DiMaio and Jane Doe (later determined to be Denise LeMontagne), deprived him of his constitutional rights to due process and to be free from unlawful arrest, excessive force and malicious prosecution. Plaintiff also claims that the Town of Cromwell is liable for these deprivations pursuant to the principles set forth in *Monell v. Dep't. Of Social Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

Pending is defendants' motion for summary judgment. Based on the following discussion, defendants' motion will be granted.

### Background

After leaving work on the evening of June 14, 1994, at approximately 11:00 p.m., plaintiff went to Ashley's Cafe in Cromwell. Plaintiff stayed at Ashley's for approximately one hour and a half and drank one or two bottles of beer. Plaintiff thereafter left with two women and a gentleman and planned to follow the other gentleman and his female companion by car to the casino in Ledyard, Connecticut.

Shortly after leaving Ashley's Cafe in his car, plaintiff decided that he did not want to go to the casino and flashed his headlights to the gentleman in the car ahead. Both vehicles pulled over to the side of the road and plaintiff put his hazard lights on. Shortly after, plaintiff noticed a police car pull in behind him. Officer DiMaio walked up to plaintiff's driver side door and asked if there was a problem. Plaintiff responded that everything was alright and asked the officer if he wanted to see his license and registration. Officer DiMaio smelled the odor of an alcoholic beverage and asked plaintiff if he had

been drinking. Plaintiff admitted to having a couple of beers at Ashley's Cafe. Officer DiMaio also noticed that plaintiff's eyes were glassy and red.

Officer DiMaio thereafter asked plaintiff to perform certain field sobriety tests such as reciting the alphabet and counting backward from 64 to 59. Based on the police report by Officer DiMaio, plaintiff skipped the letter Q and the number 59 during the tests. Plaintiff disputes this contention but acknowledges in his deposition testimony that he does not recall whether he skipped the letter Q and the number 59.

DiMaio then asked plaintiff to exit the vehicle to perform additional tests, including the horizontal gaze nystagmus, the walkturn, and the one-leg stand. The parties dispute as to whether plaintiff performed these tests correctly.

Plaintiff was thereafter placed under arrest for driving while intoxicated in violation of Conn.Gen.Stat. § 14–227a. After being handcuffed, plaintiff was placed in Officer DiMaio's police vehicle and taken to the police station where he was processed and given two breathalyser tests. The results of both tests indicated that plaintiff's alcohol level was below the DWI limit of .10. The charge against plaintiff was later dropped by the State attorney's office.

### Discussion

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. *American Int'l Group, Inc. v. London American Int'l Corp.*, 664 F.2d 348, 351 (2d Cir.1981). In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "When a motion for summary judgment is made and supported ... an adverse party may not rest upon the

mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e).

Defendants argue that summary judgment is appropriate as to all of plaintiff's claims including his claims of false arrest, use of excessive force, violation of due process, and Town liability based upon *Monell*. Defendants submit evidence in support of their arguments. In response, plaintiff does not address defendants' arguments or evidence relating to the excessive force and *Monell* claims or the claims against Officer LeMontagne. Based upon defendants' arguments and evidence in support thereof and plaintiff's failure to identify any disputed material issue of fact, summary judgment will be granted as to these claims. Accordingly, plaintiff's claims of false arrest and lack of due process against Officer DiMaio remain.

As to these two claims, plaintiff's posits that he was falsely arrested because there was no probable cause to arrest him and that his due process was violated when he was falsely arrested. Defendants assert that they are entitled to summary judgment as to plaintiff's false arrest claim because probable cause to arrest plaintiff existed and Officer DiMaio is entitled to qualified immunity.

The court will address the issue of probable cause first. When an arrest is supported by probable cause, no action for an alleged violation of civil rights for false arrest can be maintained. *O'Neill v. Town of Babylon*, 986 F.2d 646, 649 (2d Cir.1993). A police officer has probable cause to arrest when he or she has sufficient facts to warrant a reasonable officer to hold an objectively reasonable belief that the suspect has committed, or is committing, an offense. This determination is based on the totality of the circumstances. *Lee v. Sandberg*, 136 F.3d 94, 100 (2d Cir.1997).

Based on the totality of circumstances in this case, probable cause to arrest plaintiff existed. First, plaintiff's car was pulled over to the side of the road at 1:00 a.m. on a Wednesday morning. Second, plaintiff smelled of alcohol and his eyes were glassy and red. Third, plaintiff admitted to DiMaio that he had been drinking beer that evening. Lastly, according to DiMaio's version of events, plaintiff skipped the letter Q and the number 59 during the initial field sobriety tests. Although plaintiff disputes this contention in his response to defendants' summary judgment motion and argues that he performed the tests correctly, he does not submit any evidence in support to create a genuine issue of material fact as to that issue. Rather, the following colloquy from plaintiff's deposition testimony demonstrates that plaintiff does not recall whether he skipped the letter Q or the number 59.

Q: When you recited the alphabet, do you recall whether or not you skipped the letter "Q" as you sit here today?

A: I can't recall that, no.

Q: So in the Defendants' Exhibit, which is the police report that you read, did you read that part where it said he says you skipped the letter Q?

A: Yes.

Q: Do you agree with that or disagree with it, or don't you recall?

A: I don't recall.

Q: And how about skipping the number 59. Do you know whether you did that?

A: I don't recall skipping it.

Q: Okay. Do you think that you did it correctly then or do you not remember?

A: I just don't remember.

Accordingly, there is no evidence supporting plaintiff's claims that he did not skip the letter Q or number 59 during the initial field sobriety tests. The undisputed evidence presented supports a finding of probable cause.

Plaintiff's false arrest claim also fails because Officer DiMaio is entitled to qualified immunity. Qualified immunity shields government officials performing discretionary functions from liability to the extent their "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). The doctrine protects public officials from the risk of potentially ruinous monetary lia-

bility which would deter qualified people from public service and safeguards the public interest in having government employees act with independence and without fear of consequences. *Eng v. Coughlin*, 858 F.2d 889, 895 (2d Cir.1988).

In the case of a claim of false arrest, a police officer is entitled to qualified immunity if (1) it was objectively reasonable for the officer to believe there was probable cause to make the arrest, or (2) reasonably competent police officers could disagree as to whether there was probable cause to arrest. *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 128 (2d Cir.1997). For the reasons set forth above, it was objectively reasonable for defendant DiMaio to believe that there was probable cause to arrest plaintiff.

Finally, plaintiff's due process violation claim must fail because this claim is rooted in his allegations of false arrest.

### Conclusion

Based on the foregoing discussion, defendants' motion for summary judgment [# 18] is GRANTED.